STATE v. KITE

[93 N.C. App. 561 (1989)]

STATE OF NORTH CAROLINA v. ROBERT LEE KITE AND JAMIE R. TAYLOR

No. 883SC1091

(Filed 2 May 1989)

## 1. Narcotics § 4.3— possession of cocaine—conspiracies—sufficiency of evidence

Evidence of defendant's possession of cocaine and his participation in conspiracies involving cocaine was sufficient to support defendant's conviction of various narcotics offenses where it tended to show that a buyer told defendant that he wanted to purchase four ounces of cocaine; the buyer later met defendant and the codefendant at a parking lot; defendant and the codefendant arrived in a pickup truck driven by defendant; the codefendant got the cocaine from the truck and gave it to the buyer; and the buyer later delivered money for the cocaine to the codefendant.

## 2. Narcotics § 4— conspiracies involving cocaine—sufficiency of evidence

The State's evidence was sufficient to support one defendant's convictions of conspiracies to possess with intent to sell or deliver, to sell, to deliver, and to transport in excess of 28 grams of cocaine.

## 3. Criminal Law § 92.1— two defendants—joinder of narcotics offenses for trial

Defendants were not prejudiced by the trial court's allowance of the State's motion to join various narcotics charges against them for trial where defendants were charged with identical crimes emanating from the same instance of wrongdoing; the offenses were so connected in time and place that the evidence presented at trial was admissible against both defendants; and the trial court instructed the jury that each defendant's case should be considered separate and apart from the other defendant's case.

## 4. Criminal Law § 69— PEN register—admission not prejudicial

Defendants were not prejudiced by the admission of evidence concerning a PEN register, an instrument which records and prints out all telephone numbers dialed on the line to which it is connected and the date and time of dialing, where such evidence merely corroborated testimony by a witness

that he had telephoned both defendants about a drug transaction, and where the evidence showed that both defendants met the witness in a public place to deliver cocaine to him.

5. **Conspiracy § 8— guilt of one conspiracy—multiple convictions— consolidated minimum sentence—vacation of convictions unnecessary**

Assuming that the trial court erred in imposing judgments upon defendants for four conspiracies when the evidence revealed only one agreement, vacation of the three excessive convictions was unnecessary where the trial court consolidated the cases for judgment and imposed the mandatory minimum sentence required by N.C.G.S. § 90-95.

APPEAL by defendants from *Fountain, Judge*. Judgments entered 6 May 1988 in Superior Court, PITT County. Heard in the Court of Appeals 12 April 1989.

Defendants were charged in proper bills of indictment with conspiracy to possess with intent to sell or deliver in excess of 28 grams of cocaine, conspiracy to deliver in excess of 28 grams of cocaine, conspiracy to transport in excess of 28 grams of cocaine, conspiracy to sell in excess of 28 grams of cocaine, possession with intent to sell or deliver in excess of 28 grams of cocaine, delivering in excess of 28 grams of cocaine, selling in excess of 28 grams of cocaine, and transporting in excess of 28 grams of cocaine, all in violation of G.S. 90-95.

The evidence at trial tends to show the following:

On 8 May 1986, Eddie Davenport was contacted by Ray Jackson, an undercover agent for the State Bureau of Investigation. Jackson told Davenport that he wanted to buy four ounces of cocaine. After speaking with Jackson, Davenport telephoned the residence of defendant Kite and the residence and business of defendant Taylor. After unsuccessfully trying to reach both defendants by phone, Davenport located defendant Kite near defendant Taylor's home and informed him that he (Davenport) wanted four ounces of cocaine. Davenport was told that defendant Kite would have to talk to defendant Taylor about the cocaine. Defendant Kite also set up a meeting with Davenport for that afternoon at Pitt Motor Parts. Thereafter, Davenport told Jackson that he was to meet with defendant Kite and defendant Taylor. Davenport then drove to the parking lot of Pitt Motor Parts. Defendants arrived a few

minutes later in a yellow pick-up truck driven by defendant Kite. Defendant Taylor got out of the truck, approached Davenport's truck, and asked Davenport if he knew what he was doing. Davenport replied, "[Y]eah, I know what I am doing. I want four ounces of the cocaine. . . ." Defendant Taylor went back to the yellow truck, retrieved four bags of cocaine wrapped in paper towels and returned with them to Davenport's truck. Davenport took the cocaine and delivered it to Jackson in exchange for $8,000.00. Later that evening, Davenport delivered $6,800.00 to defendant Taylor at defendant Taylor's residence.

Defendants were found guilty as charged and appealed from sentences imposing on each of them seven years for the consolidated offenses of possession with intent to sell and deliver, delivering, selling and transporting in excess of 28 grams of cocaine, and seven years for the consolidated conspiracy offenses.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David M. Parker, for the State.*

*Hardee Hardee & Harper, by G. Wayne Hardee and Charles R. Hardee, for defendant Kite, appellant.*

*Purser, Cheshire, Parker, Hughes & Manning, by Joseph B. Cheshire, V, for defendant Taylor, appellant.*

HEDRICK, Chief Judge.

[1]  Defendant Kite first argues the trial court committed reversible error by failing to grant his motion to dismiss the charges against him and by denying his motion to set aside the verdict. Essentially, defendant argues that the evidence as to his possession of cocaine and engagement in the conspiracies was so slight as to necessitate dismissal. We disagree.

In reviewing a denial of a motion to dismiss, the evidence adduced at trial must be examined in the light most favorable to the State to determine if there is substantial evidence of every essential element of the crime. *State v. McKinnon*, 306 N.C. 288, 293 S.E. 2d 118 (1982). "Evidence is 'substantial' if a reasonable person would consider it sufficient to support the conclusion that the essential element exists." *Id.* at 298, 293 S.E. 2d at 125. Discrepancies and contradictions found in the evidence are disregarded, and the State is entitled to every inference of fact which may be rea-

sonably deduced therefrom. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977).

In a prosecution for possession of a controlled substance, the State is not required to prove actual physical possession of the contraband. "Proof of constructive possession is sufficient and that possession need not always be exclusive." *State v. Perry*, 316 N.C. 87, 96, 340 S.E. 2d 450, 456 (1986). This Court has stated that "[a] person is in constructive possession of a thing when, while not having actual possession, he has the intent and capability to maintain control and dominion over that thing. As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence." *State v. Narcisse*, 90 N.C. App. 414, 419, 368 S.E. 2d 654, 657, *disc. rev. denied*, 323 N.C. 368, 373 S.E. 2d 553 (1988), *quoting State v. Beaver*, 317 N.C. 643, 648, 346 S.E. 2d 476, 480 (1986).

A criminal conspiracy is the unlawful concurrence of two or more persons in a scheme or agreement to do an unlawful act, or to do a lawful act in an unlawful way or by unlawful means. *State v. Horton*, 275 N.C. 651, 170 S.E. 2d 466 (1969), *cert. denied*, 398 U.S. 959 (1970). This conspiracy need not be proved by direct testimony but may be established by circumstantial evidence from which it may be legitimately inferred. *Id.*

In the present case, the record discloses plenary evidence that defendant Kite had the intent and capability to maintain control and dominion over the cocaine. Both defendants came to the Pitt Motor Parts parking lot after Davenport met with defendant Kite and told him he wanted to buy four ounces of cocaine. Defendant Kite drove the truck in which the cocaine was transported. He was in the truck when defendant Taylor got the cocaine from the truck and then gave it to Davenport. We hold that the evidence was "substantial" as to each and every element of the crimes charged. The trial court did not err in denying defendant Kite's motion to dismiss and motion to set aside the verdict.

[2] Defendant Taylor argues the trial court committed reversible error in denying his motion to dismiss all of the conspiracy charges against him "as the evidence was insufficient to convince a rational trier of fact of his guilt beyond a reasonable doubt."

As stated above, the State is entitled to have its evidence viewed in the light most favorable to it on a motion to dismiss,

and the State is entitled to every inference of fact which may reasonably be deduced from its evidence. *See State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). There is ample evidence in the record from which it may reasonably be deduced that defendant Taylor, defendant Kite and Davenport conspired to possess with intent to sell or deliver, sell, deliver, and transport in excess of 28 grams of cocaine. We can find no error in the trial court's denial of defendant Taylor's motion to dismiss.

[3] Both defendants contend the trial court erred in allowing the State's motion to join the trials of defendant Kite and defendant Taylor. Defendant Kite argues that he was prejudiced because the majority of the State's evidence only related to defendant Taylor. Defendant Taylor argues that he was prejudiced by the joinder and that "separate trials were necessary due to the likelihood that substantial evidence, inadmissible as to him, would be paraded before the jury. . . ."

G.S. 15A-926(b)(2) states:

Upon written motion of the prosecutor, charges against two or more defendants may be joined for trial:

a. When each of the defendants is charged with accountability for each offense; or

b. When, even if all of the defendants are not charged with accountability for each offense, the several offenses charged:

1. Were part of a common scheme or plan; or

2. Were part of the same act or transaction; or

3. Were so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.

Our Supreme Court, in *State v. Brower*, 289 N.C. 644, 658-59, 224 S.E. 2d 551, 561-62 (1976), stated:

Consolidation of cases for trial is generally proper when the offenses charged are of the same class and are so connected in time and place that evidence at trial upon one indictment would be competent and admissible on the other. As a general rule, whether defendants who are jointly indicted should be tried jointly or separately is in the sound discretion of the trial court, and, in the absence of a showing that appellant

STATE v. KITE

[93 N.C. App. 561 (1989)]

has been deprived of a fair trial by consolidation, the exercise of the court's discretion will not be disturbed upon appeal. (Citations omitted.)

Generally, severance should only be granted to avoid an evidentiary contest between the defendants. *State v. Green*, 321 N.C. 594, 365 S.E. 2d 587, *cert. denied*, --- U.S. ---, 109 S.Ct. 247, 102 L.Ed. 2d 235 (1988). The burden is on the defendant to show not only that error exists, but that there is a reasonable possibility that the outcome of the trial would have been different had such error not been committed. G.S. 15A-1443(a); *State v. Short*, 322 N.C. 783, 370 S.E. 2d 351 (1988).

In the present case, defendants were charged with identical crimes emanating from the same instance of wrongdoing. The offenses charged were so connected in time and place that the evidence presented at trial was competent and admissible to both defendants. The trial court instructed the jury that each defendant's case should be considered separate and apart from the other defendant's case. Defendants have shown absolutely no prejudice resulting from the court's failure to sever their trials. As we can find no abuse of discretion by the trial court, these assignments of error must be overruled.

[4] Defendants next argue the trial court erred by denying their motions *in limine* and admitting evidence, over their objections, concerning the PEN register. A PEN register, also known as a dial number recorder, is an instrument that records and prints out on paper all telephone numbers dialed on the line to which it is connected, as well as the date and time of the dialing. Defendants argue that the PEN register evidence admitted at trial was improperly admitted because no foundation was laid, and the reliability of the machine was not established. Defendants further argue that they were denied their constitutional rights to a fair trial, due process of law, and the confrontation of witnesses against them.

Under G.S. 15A-1443(a), "[e]vidence erroneously admitted is prejudicial, or reversible, error if 'there is a reasonable possibility that, had the error . . . not been committed, a different result would have been reached at trial.'" *State v. Wood*, 306 N.C. 510, 517, 294 S.E. 2d 310, 314 (1982). The defendant carries the burden of showing that such a possibility exists. *Id.*

STATE v. KITE

[93 N.C. App. 561 (1989)]

We need not reach the question of the admissibility of the PEN register evidence in the case *sub judice*. The evidence produced by the PEN register merely corroborated Davenport's previous testimony that he had telephoned defendant Kite and defendant Taylor about the drug transaction. Defendants have shown no conceivable prejudice in light of the additional evidence in the record, including the rendezvous by both defendants with Davenport in a public place to deliver the cocaine. Defendants have not shown, assuming *arguendo* there was error, that absent the admission of the disputed evidence, there was a reasonable possibility that the jury would have reached a different result.

[5] Defendants, in their final argument, contend the trial court committed reversible error in imposing judgments upon defendants for multiple conspiracies when the evidence revealed only one agreement, thereby denying defendants their constitutional rights under the double jeopardy provision.

At the sentencing hearing, the trial judge consolidated the four conspiracy offenses against each defendant and imposed the mandatory minimum term of seven years imprisonment. Therefore, we need not determine whether there was more than one agreement between defendants and Davenport. Assuming, *arguendo*, that defendants are correct in their contention that the only conspiracy was the distribution of cocaine, vacation of the other consolidated conspiracy convictions is unnecessary because of the mandatory minimum sentence required by G.S. 90-95 and imposed by the trial court. *Cf. State v. Agudelo*, 89 N.C. App. 640, 366 S.E. 2d 921, *disc. rev. denied*, 323 N.C. 176 (1988) (remand unnecessary where conspiracy sentences ran concurrently).

Defendants had a fair trial free from prejudicial error.

No error.

Judges WELLS and EAGLES concur.